**THE AGUILERA LAW GROUP, APLC**
A. Eric Aguilera, Esq. (SBN 192390)
650 Town Center Drive
Suite 100
Costa Mesa, CA 92626
T: 714-384-6600 / F: 714-384-6601
eaguilera@aguileragroup.com

Attorneys for Plaintiffs, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, ST. PAUL MERCURY INSURANCE COMPANY, and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Connecticut corporation; ST. PAUL MERCURY INSURANCE COMPANY, a Connecticut corporation; and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CENTEX HOMES, a Nevada general partnership, CENTEX REAL ESTATE CORPORATION, a Nevada corporation; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) DECLARATORY RELIEF;**<br>**(2) BREACH OF CONTRACT; and**<br>**(3) EQUITABLE REIMBURSEMENT**<br><br>**JURY DEMAND** |

For its claims against Defendants CENTEX HOMES, and CENTEX REAL ESTATE CORPORATION (hereinafter referred to as "CENTEX" or "Defendant") and Does 1 through 10, Plaintiffs ST. PAUL FIRE AND MARINE INSURANCE

1  COMPANY, ST. PAUL MERCURY INSURANCE COMPANY, and TRAVELERS
2  PROPERTY CASUALTY COMPANY OF AMERICA (hereinafter, referred to
3  collectively as "TRAVELERS" or "Plaintiffs") allege as follows:

## JURISDICTION

5  　　　1.　　Plaintiff ST. PAUL FIRE AND MARINE INSURANCE COMPANY
6  ("ST. PAUL FIRE") is now, and at all relevant times was, a corporation existing
7  under the laws of the State of Connecticut, with its principal place of business in
8  Connecticut.  ST. PAUL FIRE is, and at all relevant times was, an insurance carrier
9  eligible to do business as an insurer in the State of California.

10 　　　2.　　Plaintiff ST. PAUL MERCURY INSURANCE COMPANY ("ST.
11 PAUL MERCURY") is now, and at all relevant times was, a corporation, existing
12 under the laws of the State of Connecticut, with its principal place of business in
13 Connecticut.  ST. PAUL MERCURY is, and at all relevant times was, an insurance
14 carrier eligible to do business as an insurer in the State of California.

15 　　　3.　　Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF
16 AMERICA ("TRAVELERS PROPERTY") is now, and at all relevant times was, a
17 corporation, existing under the laws of the State of Connecticut, with its principal
18 place of business in Connecticut.  TRAVELERS PROPERTY is, and at all relevant
19 times was, an insurance carrier eligible to do business as an insurer in the State of
20 California.

21 　　　4.　　Plaintiffs are informed and believe and thereon allege that Defendant
22 CENTEX HOMES is a general partnership existing under the laws of the State of
23 Nevada, with its principal place of business located in the State of Texas.  Plaintiffs
24 are further informed and believe and based thereon allege that CENTEX HOMES'
25 only member partners are CENTEX REAL ESTATE CORPORATION and Nomas
26 Corporation, both of whom are Nevada corporations, each with a registered office
27 street address in Texas and a mailing address in Michigan.  Plaintiffs are further
28 informed and believe and thereon allege that CENTEX HOMES is, and at all times

relevant was, a home builder doing business in the State of California.

5. Plaintiffs are informed and believe and thereon allege that Defendant CENTEX REAL ESTATE CORPORATION is a corporation existing under the laws of the State of Nevada, with its principal place of business located in the State of Michigan. Plaintiffs are further informed and believe and thereon allege that CENTEX REAL ESTATE CORPORATION is, and at all times relevant was, a home builder doing business in the State of California.

6. Defendants sued herein as DOES 1 through 10, inclusive, are sued herein by such fictitious names because Plaintiffs are unaware of the true names and capacities of said DOE defendants. Plaintiffs will amend this Complaint to reflect the true names when the same are ascertained. Plaintiffs are informed and believe and thereon allege that said DOE defendants are responsible for the acts, events, and circumstances alleged herein, or are interested parties to this action. All Defendants, including DOES 1 through 10 are hereinafter collectively referred to as "CENTEX".

7. This Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars. The amount in controversy exceeds $75,000 and represents fees and costs sought by CENTEX from Plaintiffs in connection with its defense and/or indemnification in the Underlying Action. This Court has diversity jurisdiction as Plaintiffs are domiciled in Connecticut and Iowa and the Defendants are domiciled in Nevada.

## **VENUE**

8. Plaintiffs are informed and believe and thereon allege that the acts and/or omissions at issue in this litigation took place in this judicial district within the State of California. The underlying action is pending in this judicial district. Venue, therefore, lies with this Court, as a substantial part of the events which are the subject of the claims asserted herein are located and/or took place in this judicial district.

///

# GENERAL ALLEGATIONS

## A. The Insurance Policies

### (1) The Oak Leaf Policies

9. ST. PAUL FIRE and/or ST. PAUL MERCURY issued the following commercial general liability policies under which Oak Leaf Landscape, Inc. was a named insured (hereinafter referred to collectively as the "Oak Leaf Policies").

| Insurer | Policy Number | Policy Period |
| --- | --- | --- |
| St. Paul Fire & Marine Ins. Co. | GL08100212 | 7/1/03 to 7/1/04 |
| St. Paul Mercury Ins. Co. | GL08100212 | 7/1/04 to 7/1/05 |
| St. Paul Mercury Ins. Co. | GL08100212 | 7/1/05 to 7/1/06 |
| St. Paul Mercury Ins. Co. | GL08100212 | 7/1/06 to 7/1/07 |
| St. Paul Mercury Ins. Co. | CK08102437 | 7/1/07 to 7/1/08 |
| St. Paul Mercury Ins. Co. | CK08102437 | 7/1/08 to 7/1/09 |
| St. Paul Mercury Ins. Co. | CK08102437 | 7/1/09 to 7/1/10 |
| St. Paul Mercury Ins. Co. | CK08102437 | 7/1/10 to 8/20/10 |

10. Under the terms of the Oak Leaf Policies, ST. PAUL FIRE and ST. PAUL MERCURY were given the right to retain counsel of their own choosing to represent their insured or any other additional insureds. In addition, under the terms of the Oak Leaf Policies, the insured and additional insureds are mandated to cooperate with ST. PAUL FIRE and ST. PAUL MERCURY with regard to all aspects of their coverage, including any defense afforded under the policy. The Oak Leaf Policies contain the Commercial General Liability Protection Form 47500 (Ed.

01/01) which specifically provides in part as follows:

### What This Agreement Covers

**Bodily injury and property damage liability.**

We'll pay amounts any protected person is legally required to pay as damages for covered bodily injury or property damage that:
- Happens while this agreement is in effect; and
- Is caused by an event.

*Protected person* means any person or organization that qualifies as a protected person under the Who is Protected Under This Agreement section.

. . .

**Right and duty to defend a protected person.**

We'll have the right and duty to defend any protected person against a claim or suit for injury or damage covered by this agreement. We'll have such right and duty even if all of the allegations of the claim or suit are groundless, false, or fraudulent. But we won't have a duty to perform any other act or service.

11. The Oak Leaf Policies further require that in the event of an accident, act, error, event, or incident, any insured must "[c]ooperate with and, when requested, assist us in . . . taking other reasonable steps to help us investigate or settle, or defend a person or organization protected under your policy against, a claim or suit."

12. In addition, the Oak Leaf Policies provide that the insured is "[n]ot to assume any financial obligation or pay out any money, other than for first aid given to others at the time of an accident without our consent."

///

**(2)     The Norcraft Policies**

13.    TRAVELERS PROPERTY issued commercial general liability policy numbers TC2JGLSA-118D0207, effective 12/31/02 through 10/21/03, and TC2JGLSA-118D2170, effective 10/21/03 through 11/1/14, under which Norcraft Holdings, L. P. and Norcraft Companies, Inc. were named insureds (hereinafter referred to collectively as the "Norcraft Policies").

14.    Under the terms of the Norcraft Policies, TRAVELERS PROPERTY was given the right to retain counsel of its own choosing to represent the insured or any other additional insureds.  In addition, under the terms of the Norcraft Policies, the insured and additional insureds are mandated to cooperate with TRAVELERS PROPERTY with regard to all aspects of coverage, including any defense afforded under the policy.  The Norcraft Policies contain either the Commercial General Liability Coverage Form CG 00 01 10 93, as modified by form CG D1 94 11 97, or Commercial General Liability Coverage Form CG 00 01 10 01 which specifically provides in part as follows:

> **SECTION I – COVERAGES**
>
> **COVERAGE A.   BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.  Insuring Agreement.**
>
> a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

15.    The Norcraft Policies further require that in the event of an occurrence, offense, claim or suit, any insured must "[c]ooperate with us in the investigation or

6

Case No.:
COMPLAINT

settlement of the claim or defense against the 'suit'."

16. In addition, the Norcraft Policies provide that "[n]o insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than first aid, without our consent."

**B.  The Underlying Action**

17. On or about February 13, 2014, various homeowners of single family homes within the Trio Glen development located in Ontario, California filed the action entitled *Maggie, et al. v. Centex Homes, et al.,* San Bernardino County Superior Court Case No. CIVRS-1400849 (the "Underlying Action"). The plaintiffs filed a first amended complaint on or about April 9, 2014. The plaintiffs allege a variety of construction defects. The complaint alleges the following causes of action: 1) Strict Products Liability; 2) Strict Products Liability (Component Products); 3) Breach of Implied Warranty (Merchantability); 4) Breach of Contract; 5) Negligence; 6) Breach of Express Warranty; and 7) Violation of Statute.

18. CENTEX, by and through its legal representative, Newmeyer & Dillion LLP, tendered the Underlying Action to TRAVELERS as an additional insured under the Oak Leaf Policies.

19. TRAVELERS acknowledged receipt of CENTEX's tender and sent correspondence to CENTEX advising it that it agrees to defend CENTEX in the Underlying Action as an additional insured under some or all of the Oak Leaf Policies, subject to a reservation of TRAVELERS' rights and defenses under the policies. At that time TRAVELERS also advised CENTEX that it was asserting its right to retain counsel of its choosing to represent and defend CENTEX in the Underlying Action and had appointed Mr. David Lee of the law firm of Lee Hernandez, Landrum, Garofalo & Blake to defend and represent CENTEX. None of TRAVELERS' actions or inactions have in any way been intended to operate as a waiver of any of TRAVELERS' rights or defenses under the policies.

///

20. CENTEX, by and through its legal representative, Newmeyer & Dillion LLP, also tendered the Underlying Action to TRAVELERS as an additional insured under the Norcraft Policies.

21. TRAVELERS acknowledged receipt of CENTEX's tender and sent correspondence to CENTEX advising it that it agrees to defend CENTEX in the Underlying Action as an additional insured under some or all of the Norcraft Policies, subject to a reservation of TRAVELERS' rights and defenses under the policies. At that time TRAVELERS also advised CENTEX that it was asserting its right to retain counsel of its choosing to represent and defend CENTEX in the Underlying Action and had appointed Mr. David Lee of the law firm of Lee Hernandez, Landrum, Garofalo & Blake to defend and represent CENTEX. None of TRAVELERS' actions or inactions have in any way been intended to operate as a waiver of any of TRAVELERS' rights or defenses under the policies.

22. TRAVELERS is informed and believes that CENTEX will refuse, has refused and is continuing to refuse to accept counsel appointed by TRAVELERS and is demanding independent counsel to defend it in the Underlying Action. Said refusal is in material breach of the subject insurance policies, and the implied covenant of good faith and fair dealing.

**FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

**(By Plaintiffs Against All Defendants)**

**Count One**

23. Plaintiffs hereby re-allege and incorporate by reference each of the allegations contained in all preceding paragraphs of this Complaint as though fully set forth herein.

24. An actual, present, and justiciable controversy has arisen and now exists between TRAVELERS, on the one hand, and the Defendant CENTEX on the other, concerning TRAVELERS' rights, duties, and obligations under the Oak Leaf Policies.

25. Specifically, TRAVELERS contends and is informed and believes that

CENTEX disputes the following:

    a. TRAVELERS contends that under the Oak Leaf Policies it has the right to control the defense of Defendant CENTEX in the Underlying Action and therefore, has the right to appoint counsel of its own choosing in the action.

    b. TRAVELERS also contends that Defendant CENTEX is not entitled to the appointment of independent counsel under California Civil Code § 2860.

    c. TRAVELERS also contends that Defendant CENTEX's refusal to acknowledge that TRAVELERS has the right to control the defense and select counsel and its insistence that TRAVELERS continue to pay the fees and costs of its personal counsel is a breach of its duty to cooperate under the Oak Leaf Policies and therefore CENTEX is not entitled to coverage under the policies.

    d. In addition, TRAVELERS contends that pursuant to the no-voluntary payments clause in the Oak Leaf Policies, TRAVELERS is not obligated to pay any fees and costs incurred by CENTEX's personal counsel subsequent to the date that TRAVELERS appointed counsel of its choosing in the Underlying Action.

26. Plaintiffs have no complete and adequate remedy at law to resolve these disputes. Plaintiffs seek a judicial resolution of the controversy and a declaration of the following: (1) that TRAVELERS has the right to control the defense of CENTEX in the Underlying Action; (2) that Defendant CENTEX is not entitled to the appointment of independent counsel under California Civil Code § 2860; (3) that Defendant CENTEX's refusal to acknowledge that TRAVELERS has the right to control the defense and select counsel and its insistence that TRAVELERS continue to pay fees and costs of its personal counsel is a breach of its duty to cooperate under the Oak Leaf Policies and therefore CENTEX is not entitled to coverage under the

policies; and (4) that pursuant to the no-voluntary payments clause in the Oak Leaf Policies, TRAVELERS is not obligated to pay any fees and costs incurred by CENTEX's personal counsel subsequent to the date that TRAVELERS appointed counsel of its choosing in the Underlying Action.

27. By reason of the foregoing, a declaratory judgment is both proper and necessary so that the respective rights, duties, and obligations as between TRAVELERS and CENTEX may be determined under the provisions of the applicable policies of insurance.

**Count Two**

28. Plaintiffs hereby re-allege and incorporate by reference each of the allegations contained in all preceding paragraphs of this Complaint as though fully set forth herein.

29. An actual, present, and justiciable controversy has arisen and now exists between TRAVELERS, on the one hand, and the Defendant CENTEX on the other, concerning TRAVELERS' rights, duties, and obligations under the Norcraft Policies.

30. Specifically, TRAVELERS contends and is informed and believes that CENTEX disputes the following:

   a. TRAVELERS contends that under the Norcraft Policies it has the right to control the defense of Defendant CENTEX in the Underlying Action and therefore, has the right to appoint counsel of its own choosing in the action.

   b. TRAVELERS also contends that Defendant CENTEX is not entitled to the appointment of independent counsel under California Civil Code § 2860.

   c. TRAVELERS also contends that Defendant CENTEX's refusal to acknowledge that TRAVELERS has the right to control the defense and select counsel and its insistence that TRAVELERS continue to pay the fees and costs of its personal counsel is a breach of its duty to

1  cooperate under the Norcraft Policies and therefore CENTEX is not entitled to coverage under the policies.

   d. In addition, TRAVELERS contends that pursuant to the no-voluntary payments clause in the Norcraft Policies, TRAVELERS is not obligated to pay any fees and costs incurred by CENTEX's personal counsel subsequent to the date that TRAVELERS appointed counsel of its choosing in the Underlying Action.

31. Plaintiffs have no complete and adequate remedy at law to resolve these disputes. Plaintiffs seek a judicial resolution of the controversy and a declaration of the following: (1) that TRAVELERS has the right to control the defense of CENTEX in the Underlying Action; (2) that Defendant CENTEX is not entitled to the appointment of independent counsel under California Civil Code § 2860; (3) that Defendant CENTEX's refusal to acknowledge that TRAVELERS has the right to control the defense and select counsel and its insistence that TRAVELERS continue to pay fees and costs of its personal counsel is a breach of its duty to cooperate under the Norcraft Policies and therefore CENTEX is not entitled to coverage under the policies; and (4) that pursuant to the no-voluntary payments clause in the Norcraft Policies, TRAVELERS is not obligated to pay any fees and costs incurred by CENTEX's personal counsel subsequent to the date that TRAVELERS appointed counsel of its choosing in the Underlying Action.

32. By reason of the foregoing, a declaratory judgment is both proper and necessary so that the respective rights, duties, and obligations as between TRAVELERS and CENTEX may be determined under the provisions of the applicable policies of insurance.

## SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT
### (By Plaintiffs Against All Defendants)

**Count One**

33. Plaintiffs hereby re-allege and incorporate by reference each allegation

contained in all preceding paragraphs of this Complaint as though fully set forth herein.

34. Under the terms of the Oak Leaf Policies, the insured and any additional insureds, including Defendant CENTEX, have a mandated duty to cooperate with TRAVELERS with regard to all aspects of coverage, including any defense afforded under the policies.

35. TRAVELERS has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Oak Leaf Policies. Defendant CENTEX has breached the referenced insurance policies by breaching its duty to cooperate pursuant to the terms of the policies by refusing to acknowledge that TRAVELERS has the right to control the defense and select counsel in the Underlying Action and by insisting that TRAVELERS continue to pay the fees and costs of CENTEX's personal counsel, thereby impeding TRAVELERS' ability to provide CENTEX with a defense, thereby relieving TRAVELERS of its obligations under the policies.

36. As a result of CENTEX's breach of the Oak Leaf Policies, TRAVELERS has been damaged in a sum according to proof at trial, including but not limited to a denial of policy benefits.

**Count Two**

37. Plaintiffs hereby re-allege and incorporate by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

38. Under the terms of the Norcraft Policies, the insured and any additional insureds, including Defendant CENTEX, have a mandated duty to cooperate with TRAVELERS with regard to all aspects of coverage, including any defense afforded under the policies.

39. TRAVELERS has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of

1  the Norcraft Policies.  Defendant CENTEX has breached the referenced insurance
2  policies by breaching its duty to cooperate pursuant to the terms of the policies by
3  refusing to acknowledge that TRAVELERS has the right to control the defense and
4  select counsel in the Underlying Action and by insisting that TRAVELERS continue
5  to pay the fees and costs of CENTEX's personal counsel, thereby impeding
6  TRAVELERS' ability to provide CENTEX with a defense, thereby relieving
7  TRAVELERS of its obligations under the policies.
8        40.   As a result of CENTEX's breach of the Norcraft Policies, TRAVELERS
9  has been damaged in a sum according to proof at trial, including but not limited to a
10 denial of policy benefits.

11        **THIRD CAUSE OF ACTION FOR EQUITABLE REIMBURSEMENT**
12                        **(By Plaintiffs Against All Defendants)**

13       41.   Plaintiffs hereby re-allege and incorporate by reference each allegation
14 contained in all preceding paragraphs of this Complaint as though fully set forth
15 herein.
16       42.   TRAVELERS has paid or will pay certain defense fees and costs
17 incurred by Defendant CENTEX in defense of the Underlying Action.  TRAVELERS
18 did not pay these sums as a volunteer.  When TRAVELERS agreed to participate in
19 Defendant CENTEX's defense, it reserved its rights to seek reimbursement from
20 Defendant CENTEX of any defense related payments that it may make that are not
21 potentially covered under the applicable insurance policies.
22       43.   Plaintiffs' insurance policies require that they defend and indemnify only
23 those claims covered under the policies.  To the extent that Plaintiffs pay fees or costs
24 incurred by or on behalf of Defendant CENTEX in connection with the Underlying
25 Action, which fees or costs are not potentially covered under the insurance policies,
26 Defendant CENTEX will have been unjustly enriched by such payments.
27       44.   As a result of Defendant CENTEX's unjust enrichment, a quasi-
28 contractual right of reimbursement has arisen in favor of Plaintiffs in the amount paid

1  for the defense of claims not potentially covered under the insurance policies, plus
2  interest.  The precise amount of the reimbursement that is appropriate will be subject
3  to proof at trial.

## PRAYER FOR RELIEF

5       WHEREFORE, Plaintiff prays for judgment as follows:

6       1.    For a declaration of this Court of the following: (1) that TRAVELERS
7  has the right to control the defense of CENTEX in the Underlying Action; (2) that
8  Defendant CENTEX is not entitled to the appointment of independent counsel under
9  California Civil Code § 2860; (3) that Defendant CENTEX's refusal to acknowledge
10 that TRAVELERS has the right to control the defense and select counsel and its
11 insistence that TRAVELERS continue to pay fees and costs of its personal counsel is
12 a breach of its duty to cooperate under the Oak Leaf Policies and therefore CENTEX
13 is not entitled to coverage under the policies; and (4) that pursuant to the no-voluntary
14 payments clause in the Oak Leaf Policies, TRAVELERS is not obligated to pay any
15 fees and costs incurred by CENTEX's personal counsel subsequent to the date that
16 TRAVELERS appointed counsel of its choosing in the Underlying Action.

17      2.    For a declaration of this Court of the following: (1) that TRAVELERS
18 has the right to control the defense of CENTEX in the Underlying Action; (2) that
19 Defendant CENTEX is not entitled to the appointment of independent counsel under
20 California Civil Code § 2860; (3) that Defendant CENTEX's refusal to acknowledge
21 that TRAVELERS has the right to control the defense and select counsel and its
22 insistence that TRAVELERS continue to pay fees and costs of its personal counsel is
23 a breach of its duty to cooperate under the Norcraft Policies and therefore CENTEX
24 is not entitled to coverage under the policies; and (4) that pursuant to the no-voluntary
25 payments clause in the Norcraft Policies, TRAVELERS is not obligated to pay any
26 fees and costs incurred by CENTEX's personal counsel subsequent to the date that
27 TRAVELERS appointed counsel of its choosing in the Underlying Action.

28      3.    For general damages in an amount to be proven at trial, but in no event

less than $200,000, including but not limited to a denial of policy benefits;

    4.    For attorneys' fees and costs;

    5.    For prejudgment interest;

    6.    For costs of suit herein; and

    7.    For such other and further relief as this Court deems just and proper.

## JURY DEMAND

TRAVELERS' hereby demands a trial by jury pursuant to Fed. R. Civ. Proc. 38(b).

Dated: June 13, 2014    **THE AGUILERA LAW GROUP, APLC**

_____
A. Eric Aguilera, Esq.
Attorneys for Plaintiffs
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, ST. PAUL MERCURY INSURANCE COMPANY, and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

Case No.:
COMPLAINT