J. Kelby Van Patten, Bar No. 167553
kvp@paynefears.com
Jeffrey M. Hayes, Bar No. 246511
jmh@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
Jamboree Center, 4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Centex Homes
and Centex Real Estate Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY,  a Connecticut corporation; ST. PAUL MERCURY INSURANCE COMPANY, a Connecticut corporation; and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>       Plaintiffs,<br><br>       v.<br><br>CENTEX HOMES, a Nevada general partnership; CENTEX REAL ESTATE CORPORATION, a Nevada corporation; and DOES 1 through 10 inclusive,<br><br>       Defendants. | Case No. 5:14-cv-01216 ABC (JCx)<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>*[Request for Judicial Notice, Declaration of Richard W. Protzman and [Proposed] Order filed concurrently]*<br><br>Judge:  Hon. Audrey B. Collins<br>Date:    September 8, 2014<br>Time:    10:00 a.m.<br>Crtrm.: 680<br><br>Trial Date:      Not set |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 8, 2014, at 10:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Hon. Audrey B. Collins, of the above-captioned court, located at 255 East Temple Street, Los Angeles, CA 90012, Defendants will and hereby do move this Court to dismiss Plaintiffs' Complaint, with prejudice to Plaintiffs re-filing in federal court.

This Motion is made upon the following grounds: (1) Plaintiffs' claims are not ripe (Rule 12(b)(1)); (2) Plaintiffs failed to state a claim for declaratory relief or breach of contract as to the breach of the cooperation clause (Rule 12(b)(6)); (3) Plaintiffs failed to state a claim for equitable reimbursement (Rule 12(b)(6)); and (4) The Court lacks subject matter jurisdiction over Plaintiffs' Complaint.  (Rule 12(b)(1)).

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Request for Judicial Notice and the Declaration Richard W. Protzman filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 2, 2014.

DATED: July 9, 2014           PAYNE & FEARS LLP


                              By: _____
                                          */s/ Jeffrey M. Hayes*
                                     JEFFREY M. HAYES

                              Attorneys for CENTEX HOMES and
                              CENTEX REAL ESTATE CORP.

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................... 1

II.   FACTUAL BACKGROUND ....................................................... 2

    A.    Centex Obtains Insurance From Plaintiffs. ............................... 2

    B.    Homeowners Sue Centex for Alleged Construction Defects. ............... 2

    C.    Plaintiffs File An Unripe Lawsuit. .......................................... 3

    D.    Centex Agrees To Allow Plaintiffs to Appoint Counsel. ................... 4

    E.    Centex Continues to Defend the *Maggie* Action. ........................ 5

    F.    This Lawsuit Is Part of A Broader Dispute About Travelers' Defense of Centex in Construction Defect Claims. ....................... 6

III.  LEGAL STANDARD ............................................................... 6

IV.   ARGUMENTS ...................................................................... 7

    A.    Plaintiffs' Claims Concerning the Cooperation Clause Are Not Ripe. ...................................................................... 7

    B.    Plaintiffs Fail to State A Claim for Breach of Contract ..................... 9

        1.    The Cooperation Clause in An Insurance Policy Does Not Supply An Independent Basis for a Cause of Action. ............... 9

        2.    Plaintiffs Did Not Allege Any "Breach" of the Cooperation Clause. .................................................. 13

        3.    Plaintiffs Have Not Alleged Any Prejudice From Centex's Claim to Independent Counsel. ............................. 15

    C.    Plaintiffs Fail to State a Claim for Reimbursement. ..................... 17

        1.    Plaintiffs Did Not Allege that They Agreed to Defend Centex "Immediately." .................................... 19

        2.    Plaintiffs Did Not Allege That They Defended the *Maggie* Action "In Its Entirety." ...................... 19

        3.    Plaintiffs Did Not Allege That They Paid to Defend Claims That Are Not Even Potentially Covered. ............. 20

    D.    The Court Lacks Subject Matter Jurisdiction Because The Bona Fide Amount in Controversy Does Not Exceed $75,000. ................ 20

        1.    Plaintiffs' Allegations Are Facially Inadequate. ................ 20

PAYNE & FEARS LLP

ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1

## TABLE OF CONTENTS
### (continued)

Page

2.   Plaintiffs Cannot Speculate About Future Defense Fees
     and Costs in Order To Reach $75,000..........................................22

V.   CONCLUSION ...............................................................................24

PAYNE & FEARS LLP

ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Albino v. Standard Ins. Co.*,
349 F. Supp. 2d 1334 (C.D. Cal. 2004) ........................................................... 23

*Am. States Ins. Co. v. Kearns*,
15 F.3d 142 (9th Cir. 1994) ............................................................................ 7, 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .............................................................................................. 7

*Augustine v. United States*,
704 F.2d 1074 (9th Cir.1983) ............................................................................. 8

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1988) ............................................................................. 6

*Beaufort Dedicated No. 5, Ltd. v. USA Daily Exp., Inc.*,
CIV.A. H-12-1923, 2012 WL 6608869 (S.D. Tex. Dec. 18, 2012) .................. 11

*Bristow v. Lycoming Engines*,
CIV S-06-1947LKK/GGH, 2007 WL 1106098 (E.D. Cal. Apr. 10, 2007) ......... 8

*Budget Rent–A–Car, Inc. v. Higashiguchi*,
109 F.3d 1471 (9th Cir. 1997) ......................................................................... 23

*Centex Homes v. Lexington Ins. Co.*,
No. 3:13–CV–719, 2014 WL 1225501 (N.D.Tex. Mar. 25, 2014) ................... 11

*Century Ins. Co. v. Mooney*,
241 F.2d 910 (10th Cir. 1957) ......................................................................... 21

*Cincinnati Ins. Co. v. Irvin*,
19 F. Supp. 2d 906 (S.D. Ind. 1998) ............................................................... 16

*Cole v. Doe 1 thru 2 Officers of City of Emeryville Police Dep't*,
387 F. Supp. 2d 1084, 1103 n. 7. (N.D. Cal. 2005) ....................................... 16

*Commercial Casualty Insurance Co. v. Fowles*,
154 F.2d 884 (9th Cir. 1946) ........................................................................... 24

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Evanston Ins. Co. v. Tonmar, L.P.*,
  669 F. Supp. 2d 725 (N.D. Tex. 2009) ............................................................. 11

*Ex parte Phoenix Ins. Co.*,
  117 U.S. 367 (1886) ........................................................................................ 21

*Freedom to Travel Campaign v. Newcomb*,
  82 F.3d 1431 (9th Cir.1996) ............................................................................. 8

*Grupo Dataflux v. Atlas Global Grp., LP*,
  541 U.S. 567, 570-71 (2004) ........................................................................... 22

*Hague v. Comm. for Indus. Org.*,
  307 U.S. 496 (1939) ........................................................................................ 21

*Hartford Ins. Grp. v. Lou–Con Inc.*,
  293 F.3d 908 (5th Cir. 2002) ........................................................................... 23

*Ins. Co. State of Pa. v. The Roman Catholic Archbishop of L.A.*,
  227 F. App'x 643 (9th Cir. 2007) ..................................................................... 10

*Johnson v. Wattenbarger*,
  361 F.3d 991 (7th Cir. 2004) ........................................................................... 22

*Kaufman & Broad Monterey Bay v. Travelers Prop. Cas. Co. of Am.*,
  5:10–CV–2856 EJD, 2012 WL 2945932 (N.D. Cal. July 18, 2012) ................ 14

*Koken v. Auburn Mfg., Inc.*,
  CIV. 02-83-B-C, 2004 WL 51100 (D. Me. Jan. 8, 2004) ................................ 11

*Maryland Cas. Co. v. Pac. Coal & Oil Co.*,
  312 U.S. 270 (1941) .......................................................................................... 8

*McKinney v. Law Office of James Duncan*,
  CV 09-2605 NJV, 2010 WL 668027 (N.D. Cal. Feb. 19, 2010) ...................... 22

*Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*,
  858 F.2d 1376 (9th Cir. 1988) ......................................................................... 22

*Mutuelles Unies v. Kroll & Linstrom*,
  957 F.2d 707 (9th Cir. 1992) ........................................................................... 22

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-iv-

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Navarro v. Block,*
250 F.3d 729 (9th Cir. 2001) ............................................................... 6

*New York Life Insurance Co. v. Viglas,*
297 U.S. 672 (1936) ........................................................................... 23

*Niagara Fire Ins. Co. v. Dyess Furniture Co.,*
292 F.2d 232 (5th Cir. 1961) ............................................................. 21

*NL Indus., Inc. v. Commercial Union Ins. Co.,*
926 F. Supp. 446 (D.N.J. 1996) ........................................................ 14

*Philadelphia Indem. Ins. Co. v. Stebbins Five Cos., Ltd.,*
3:02-CV-1279-M, 2002 WL 31875596 (N.D. Tex. Dec. 20, 2002) .................. 11

*Principal Life Ins. Co. v. Robinson,*
394 F.3d 665 (9th Cir. 2005) ............................................................... 8

*Reno v. Catholic Social Servs., Inc.,*
509 U.S. 43 (1993) .............................................................................. 8

*Sierra Pac. Indus. v. Am. States Ins. Co.,*
883 F. Supp. 2d 967 (E.D. Cal. 2012) ............................................... 11

*Terenkian v. Republic of Iraq,*
694 F.3d 1122 (9th Cir. 2012) cert. denied, 134 S. Ct. 64 (2013) ...................... 7

*Travelers Indem. Co. of Connecticut v. Centex Homes,*
1:14-CV-217-LJO-GSA, 2014 WL 2002320 (E.D. Cal. May 15, 2014) 11, 19, 20

*Travelers Indem. Co. of Connecticut v. Centex Homes,*
1:14-CV-451-LJO-GSA, 2014 WL 2801050 (E.D. Cal. June 19, 2014) .......... 11

*Travelers Prop. Cas. Co. of Am. v. Centex Homes,*
C 12-0371 PJH, 2012 WL 2238005 (N.D. Cal. June 15, 2012) .................. 17, 19

*Walter v. Ne. R. Co.,*
147 U.S. 370 (1893) ........................................................................... 21

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

# TABLE OF AUTHORITIES
### (continued)

**Page**

**STATE CASES**

*Billington v. Interinsurance Exch. of S. Cal.*,
  71 Cal. 2d 728 (1969) ................................................................. 10, 15

*Buss v. Superior Court*,
  16 Cal. 4th 35 (1997) ........................................................... 17, 18, 19

*Hall v. Travelers Ins. Cos.*,
  15 Cal. App. 3d 304 (1971) ............................................................. 10

*Haskel, Inc. v. Super. Ct.*,
  33 Cal. App. 4th 963 (1995) ............................................................ 18

*Hous. Grp. v. PMA Capital Ins. Co.*,
  193 Cal. App. 4th 1150 (2011) ........................................................ 18

*Long v. Century Indem. Co.*,
  163 Cal. App. 4th 1460 (2008) ........................................................ 13

*O'Morrow v. Borad*,
  27 Cal. 2d 794 (1946) ..................................................................... 13

*Pac. Greystone Corp. v. Aetna Ins. Co.*,
  B124297, 2000 WL 33936716 (Cal. Ct. App. Apr. 26, 2000) ............................. 6

*Royal Indem. Co. v. Hartford Ins. Co. of Midwest*,
  B196406, 2008 WL 2009747 (Cal. Ct. App. May 12, 2008) ............................. 16

*Shell Oil Co. v. Winterthur Swiss Ins. Co.*,
  12 Cal. App. 4th 715 (1993) ............................................................ 15

*State v. Pac. Indem. Co.*,
  63 Cal. App. 4th 1535 (1998) ..................................................... 18, 19

*United Servs. Auto. Ass'n v. Martin*,
  120 Cal. App. 3d 963 (1981) ........................................................... 16

**FEDERAL STATUTES**

28 U.S.C. § 1332(a) ....................................................................... 21

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES
### (continued)

**Page**

STATE STATUTES

CAL. CIV. CODE § 2860(a) ........................................................................ 13

CAL. CIV. CODE § 2860 .............................................................. 3, 4, 6, 13

RULES

FED. RULE OF CIV. P. 12(b)(6) .................................................................. 6

OTHER AUTHORITIES

Restatement (Second) of Contracts § 250 (1981) ....................................... 9

Couch on Insurance 3d § 199:6 (1999) .................................................... 10

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION TO DISMISS COMPLAINT

# I. **<u>INTRODUCTION</u>**

Centex Homes and Centex Real Estate Corporation ("Centex Real Estate")[1] respectfully request the Court grant this motion to dismiss for four reasons:

First, many of Plaintiffs'[2] claims are not ripe.  Plaintiffs filed this lawsuit assuming Centex would not allow them to appoint counsel, but they were wrong.

Second, Plaintiffs failed to state a claim for breach of contract based on the cooperation clauses in their insurance policies.  A policyholder's so-called "breach" of the cooperation clause in an insurance policy does not support a cause of action for breach of contract.  And, even if it did, Plaintiffs did not plead facts sufficient to allege noncooperation or that they suffered any prejudice.

Third, Plaintiffs have not alleged, and cannot allege, the elements of a cause of action for reimbursement, which requires Plaintiffs to plead that they defended the underlying action "in its entirety" until its resolution.  Here, the underlying action is still pending, so Plaintiffs' reimbursement claim is premature.

Finally, the Court lacks subject matter jurisdiction.  Plaintiffs' allegations about the amount in controversy are facially inadequate.  Moreover, Plaintiffs' attempt to invoke the Court's subject matter jurisdiction is substantively invalid because, at the time Plaintiffs filed the Complaint, there was not an adequate amount in controversy between each plaintiff and each defendant.

---

[1] Centex Homes and Centex Real Estate are collectively referred to as "Centex" or "Defendants" where the distinct legal status of the entities is not relevant.

[2] St. Paul Fire, St. Paul Mercury and Travelers Property are collectively referred to as "Plaintiffs" or "Travelers" where the distinct legal status of the entities is not relevant.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## II.  FACTUAL BACKGROUND

### A.  Centex Obtains Insurance From Plaintiffs.

Centex is a residential homebuilder.  (Docket No. 1 ("Complaint"), ¶¶ 4-5.)[3] Plaintiffs issue commercial general liability insurance to subcontractors in the homebuilding industry.  (Complaint, ¶¶ 1-3, 9, 13.)

Centex developed homes in a community known as Trio Glen in Ontario, California.  (Complaint, ¶ 17.)  Centex did not perform any construction work at Trio Glen.  Instead, it hired subcontractors to perform all work.

Centex's subcontracts require its subcontractors to obtain commercial general liability insurance and to have Centex named as an "additional insured" under these insurance policies.  St. Paul Fire and St. Paul Mercury issued insurance policies to Centex's subcontractor, Oak Leaf Landscape, Inc. ("Oak Leaf"), who did work at Trio Glen.  (Complaint, ¶ 9.)  Travelers Property issued insurance policies to Norcraft Holdings, L.P. and Norcraft Companies, Inc. ("Norcraft"), who also did work at Trio Glen.  (Complaint, ¶ 13.)

### B.  Homeowners Sue Centex for Alleged Construction Defects.

On or around February 13, 2014, homeowners in the Trio Glen community filed *Maggie et al. v. Centex Homes, et al.*, San Bernardino County Superior Court Case no. CIVRS-1400849 (the "*Maggie* action").  (Complaint, ¶ 17.)  These homeowners alleged that their homes suffered property damage caused by the allegedly defective work of Centex's subcontractors, including Oak Leaf and Norcraft, who were insured by Plaintiffs.  (Request for Judicial Notice ("RJN"), Ex. A.)

---

[3] For purposes of this motion, Centex recites the facts as alleged in Plaintiffs' Complaint, except those related to jurisdictional questions, such as ripeness and the amount in controversy.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Centex tendered the *Maggie* action to Plaintiffs as an additional insured under the policies they issued to Oak Leaf and Norcraft.  (Complaint, ¶¶ 18-20.)  On June 13, 2014, Plaintiffs purport to have drafted a letter in which they "agree[d] to defend CENTEX…under some or all of the [Oak Leaf] policies, subject to a reservation of Travelers rights…" (Complaint, ¶ 19; *see also* Declaration of Richard W. Protzman ("Protzman Decl."), Ex. A at 1.)

Similarly, on June 18, 2014, Plaintiffs purport to have drafted a letter in which they "agree[d] to defend CENTEX…under some or all of the [Norcraft] policies, subject to a reservation of Travelers rights…" (Complaint, ¶ 21; *see also* Protzman Decl., Ex. B at 13.)  As shown below, the fact that Travelers sent this letter *after* it filed suit is significant to the issues raised in this motion.

**C.**   **Plaintiffs File An Unripe Lawsuit.**

Plaintiffs filed this lawsuit on June 13, 2014—five days *before* they mailed their reservation of rights letter under the Norcraft policies and the same day they mailed their reservation of rights letter under the Oak Leaf policies.  (Docket No. 1.)

The Complaint asserts three causes of action:

First, Plaintiffs ask the Court to declare: (a) that they have the right to control Centex's defense of the *Maggie* action by selecting an attorney of their choice; (b) that Centex has no right to independent counsel under California Civil Code section 2860; (c) that Centex has breached the cooperation clause by "refus[ing] to acknowledge that TRAVELERS has the right to control the defense;" and (d) that Plaintiffs are not obligated to pay any defense fees and costs that Centex pays its own lawyer "subsequent to the date that TRAVELERS appointed counsel." (Complaint, ¶¶ 25-26, 30-31.)

Second, Plaintiffs seek monetary damages for a so-called "breach" of the cooperation clause that occurred because CENTEX "refus[ed] to acknowledge that

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

TRAVELERS has the right to control the defense and select counsel." (Complaint, ¶¶ 35, 39.)

Third, Plaintiffs claim they have "paid or will pay certain defense fees and costs" defending Centex that should be returned under a theory of equitable reimbursement. (Complaint, ¶ 42.)

The same day they filed this lawsuit, Plaintiffs mailed the first of their two reservation of rights letters to Centex. (*Cf.* Docket No. 1 with Protzman Decl., Ex A at 1.) Five days later, Plaintiffs mailed the second reservation of rights letter. (*Cf.* Docket No. 1 with Protzman Decl., Ex. B at 13.) This point bears repeating: When Plaintiffs filed suit, they did not know how Centex would respond to their reservation of rights letters because they had not mailed them yet.

**D.    Centex Agrees To Allow Plaintiffs to Appoint Counsel.**

Plaintiffs allege that Centex "will refuse, has refused and is continuing to refuse to accept counsel appointed by TRAVELERS" and "is demanding independent counsel to defend it in the [*Maggie*] Action" under California Civil Code section 2860. (Complaint, ¶ 22.) Plaintiffs further allege that Centex's assertion of the right to independent counsel "is in material breach" of the insurance policies. (Complaint, ¶ 22.) But even based on the facts outlined in Plaintiffs' Complaint, these allegations are demonstrably false: It was impossible for Plaintiffs to know how Centex would respond to their reservation of rights letter on June 13, 2014—the date they filed their Complaint—because Plaintiffs had not yet mailed the reservation of rights letters, nor had Centex responded to them.[4]

In fact, when Centex responded to Plaintiffs' reservation of rights letter, it

_____

[4] This is not the first time Travelers has filed a lawsuit against Centex before even sending a reservation of rights letter. Another federal district court has noted that Travelers appears to be doing so with an improper forum shopping motive. (RJN, Ex. C at 46.)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

advised Plaintiffs that it would "allow Travelers…to appoint co-counsel to participate in the defense of Centex" in the *Maggie* action.  (Protzman Decl., Ex. C at 26; Ex. D at 29.)  On June 20, 2014, Centex told Plaintiffs that while it reserved its rights on the independent counsel issue, it would accommodate Plaintiffs' request to appoint counsel.  As a result, this lawsuit probably could have been avoided if Plaintiffs had simply waited for Centex to respond to its reservation of rights letters before rushing to Court.

**E.** **Centex Continues to Defend the *Maggie* Action.**

When Plaintiffs filed their Complaint, both Centex Homes and Centex Real Estate had incurred a combined total of only $1,598.08 in defense fees and costs defending the *Maggie* action.  (Protzman Decl., ¶ 6.)  To date, Plaintiffs have paid nothing towards the defense fees and costs incurred defending the *Maggie* action, (*Id.* at ¶ 7), despite their claim that they have "paid or will pay" these defense costs. (Complaint, ¶ 42.)

Nonetheless, Plaintiffs allege that the "amount in controversy exceeds $75,000 and represents fees and costs sought by CENTEX from Plaintiffs in connection" with the defense of the *Maggie* action.  (Complaint, ¶ 7.)  More specifically, Plaintiffs seek "general damages in an amount to be proven at trial, but in no event less than $200,000, including but not limited to a denial of policy benefits."  (Complaint, Prayer, ¶ 3.)  These figures are not realistic, given the limited number of homes, and therefore, exposure in the *Maggie* action.  Defense counsel for Centex believes that the defense costs for the *Maggie* action are not likely to reach $75,000.  (Protzman, Decl., ¶ 8.)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**F.** **This Lawsuit Is Part of A Broader Dispute About Travelers' Defense of Centex in Construction Defect Claims.**

This lawsuit is one of several dozen that Plaintiffs, and their affiliates, have filed against Centex in California federal courts about the right to independent counsel and other issues. In addition, there are also disputes about independent counsel pending between the parties in California state court. In other words, Plaintiffs and Centex have an important dispute about the contours of Centex's right to independent counsel under California Civil Code section 2860 that will effect a wide-ranging number of cases.

To date, Centex is aware of only one appellate authority that clearly addresses independent counsel based on Plaintiffs' boilerplate reservation of rights letters, but it is an unpublished California Court of Appeal case, which Travelers lost. *Pac. Greystone Corp. v. Aetna Ins. Co*., B124297, 2000 WL 33936716 (Cal. Ct. App. Apr. 26, 2000). In the current series of disputes, some trial courts have set the independent counsel issue for trial. Others have determined that no conflicts of interest exist as a matter of law, but those rulings will be appealed in the future. In other words, there is not yet any legal certainty on the key substantive issues that the Court will have to address in this case.

### III. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1  entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, "the

2  tenet that a court must accept as true all of the allegations contained in a complaint

3  is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause

4  of action, supported by mere conclusory statements, do not suffice." *Id*. at 678

5  (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

6       Where a defendant claims only "that the allegations contained in a complaint

7  are insufficient on their face to invoke federal jurisdiction," courts "treat the

8  challenge as 'any other motion to dismiss on the pleadings for lack of jurisdiction'"

9  and they "determine whether the complaint alleges sufficient factual matter,

10  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Terenkian*

11  *v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) (internal quotation marks

12  and citations omitted) cert. denied, 134 S. Ct. 64 (2013). In contrast, if the

13  defendant instead makes a factual attack on subject matter jurisdiction, "no

14  presumptive truthfulness attaches to plaintiff's allegations." *Id*.

15

16            **IV.  ARGUMENTS**

17

18  **A.  Plaintiffs' Claims Concerning the Cooperation Clause Are Not Ripe.**

19       Centex agreed to allow Plaintiffs to appoint their own counsel to defend the

20  *Maggie* action, so two of Plaintiffs' claims are not ripe: (1) Plaintiffs' claims for

21  declaratory relief that Centex "breach[ed] its duty to cooperate" by refusing panel

22  counsel is not justiciable because Centex did not refuse panel counsel and (2)

23  Plaintiffs' claims that Centex breached the insurance policy by refusing panel

24  counsel is also not justiciable for the same reason.

25       The requirement that a case or controversy exist under the Declaratory

26  Judgment Act is "identical to Article III's constitutional case or controversy

27  requirement." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). If

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1   there is no case or controversy, then the case is not ripe, and the court lacks subject-

2   matter jurisdiction. *Id.*  To determine whether a case is ripe in the private party

3   context, the Court must decide if "there is a substantial controversy, between parties

4   having adverse legal interests, of sufficient immediacy and reality to warrant the

5   issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co*.,

6   312 U.S. 270, 273 (1941); *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 671

7   (9th Cir. 2005).

8        The ripeness of each of the Plaintiffs' theories of liability must be considered

9   separately.  *Reno v. Catholic Social Servs., Inc*., 509 U.S. 43, 56–65 (1993);

10  *Freedom to Travel Campaign v. Newcomb*, 82 F.3d 1431, 1434–36 (9th Cir.1996).

11  Where the jurisdictional issue is separable from the merits of the case, the district

12  court is free to hear evidence regarding jurisdiction and to rule on that issue prior to

13  trial, resolving factual disputes where necessary.  *Augustine v. United States*, 704

14  F.2d 1074, 1077 (9th Cir.1983); *see also Bristow v. Lycoming Engines*, CIV S-06-

15  1947LKK/GGH, 2007 WL 1106098 (E.D. Cal. Apr. 10, 2007) (considering

16  evidence as part of ripeness challenge).

17       Here, Plaintiffs request a declaration that "CENTEX's refusal to acknowledge

18  that TRAVELERS has the right to control the defense and select counsel and its

19  insistence that TRAVELERS continue to pay fees and costs of its personal counsel

20  is a breach of the duty to cooperate."  (Complaint, ¶¶ 25-26, 30-31.)  Travelers'

21  theory rests on an inaccurate allegation that "CENTEX will refuse, has refused and

22  is continuing to refuse to accept counsel appointed by TRAVELERS."  (Complaint,

23  ¶ 22.)  However, Centex has already agreed under a reservation of rights to allow

24  Plaintiffs to appoint its counsel to participate in Centex's defense of the *Maggie*

25  action.  (Protzman Decl., Ex. C at 26; Ex. D at 29.)  Thus, there is no ripe dispute for

26  which the Court could grant declaratory relief.  For the same reason, Plaintiffs'

27  claim that Centex should be liable for monetary damages because it "breached" the

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-8-

insurance policy is also not ripe for review.  Centex could not "breach" the contract by giving Plaintiffs what they wanted: the right to appoint their panel counsel to defend the case, subject to a reservation of rights.

As a technical matter, the Court could read Plaintiffs' claim more narrowly. Specifically, one could view Plaintiffs' claim that Centex's mere expression of disagreement with Plaintiffs about independent counsel is, by itself, a "breach" of the cooperation clause.  If that is the import of Plaintiffs' claim, it would be facially flawed.  The fact that a policyholder disagrees with its insurer's position on independent counsel, or any other issue, could not possibly "breach" the insurance policy.  At the very least, a policyholder would need to act on its disagreement before it could be held in "breach" of the cooperation clause.  *See* Restatement (Second) of Contracts § 250 (1981) (a repudiation or anticipatory breach occurs when an obligor makes a statement "indicating that the obligor will commit a breach" or undertakes "a voluntary affirmative act" that indicates a breach.).

**B.**     **Plaintiffs Fail to State A Claim for Breach of Contract.**

Plaintiffs' second cause of action for breach of contract, and its related declaratory relief claim, fail for a variety of reasons: (1) There is no such thing as a cause of action for breach of contract based on the cooperation clause in an insurance policy; (2) Plaintiffs do not allege any actual "breach" of the insurance policies that would support a claim for monetary damages; instead, they allege only that Centex asserted its statutory right to independent counsel; and (3) Plaintiffs fail to allege prejudice.

**1.**     **The Cooperation Clause in An Insurance Policy Does Not Supply An Independent Basis for a Cause of Action.**

"California courts have long characterized the insured's duty to cooperate as a

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

condition precedent to coverage, *not* as a basis on which to assert an independent cause of action." *Ins. Co. State of Pa. v. The Roman Catholic Archbishop of L.A.*, 227 F. App'x 643, 644 (9th Cir. 2007) (emphasis in original).  In other words, the duty to cooperate gives the insurer a potential defense; it does not provide a cause of action.  *See, e.g., Billington v. Interinsurance Exch. of S. Cal.*, 71 Cal. 2d 728, 736-37 (1969) (insurer could properly raise insured's non-cooperation as a defense); *Hall v. Travelers Ins. Cos*., 15 Cal. App. 3d 304, 308 (1971) (insured's breach of condition of policy may be raised as defense to excuse performance under the policy).  Simply put, the duty to cooperate is nothing more than a condition to the insurer's performance; it is *not* an affirmative covenant by the insured.  Couch on Insurance 3d § 199:6 (1999).

A Ninth Circuit case illustrates this principle.  In *Insurance Co. State of Pennsylvania v. The Roman Catholic Archbishop of Los Angeles*,  two insurers sued the Archbishop of Los Angeles, seeking specific performance of his duty to cooperate by turning over documents relating to third-party tort claims the insurers were defending.  277 F. App'x 643-44.  The Ninth Circuit upheld the district court's dismissal of the claim, explaining that the insurers already had a remedy for the Archbishop's so-called "breach" of the cooperation clause—i.e., they could "assert that there is no coverage due to the Archbishop's failure to cooperate" but only *after* the resolution of the underlying tort claims.  *Id*. at 644.  In addition, the Ninth Circuit explained that "the insured's duty to cooperate [was] a condition precedent to coverage [and] *not* [] a basis on which to assert an independent cause of action." *Id*. (emphasis in original.)  As a consequence, the Ninth Circuit explained that the insurers could only "present their theories as to how the Archbishop breached his duty to cooperate as a *defense* to liability under the policies." *Id*. (emphasis added).

Other federal courts faced with motions to dismiss breach of contract claims based on non-cooperation reach the same conclusion—holding that insurers are *not*

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

entitled to bring causes of action for monetary damages based on a so-called "breach" of the cooperation clause.  *See e.g. Beaufort Dedicated No. 5, Ltd. v. USA Daily Exp., Inc*., CIV.A. H-12-1923, 2012 WL 6608869 (S.D. Tex. Dec. 18, 2012) ("[C]ooperation clauses are treated as conditions precedent, relieving an insurer of liability rather than creating an affirmative cause of action against the insured."); *Evanston Ins. Co. v. Tonmar, L.P*., 669 F. Supp. 2d 725, 732 (N.D. Tex. 2009) ("Texas courts have never recognized a breach of contract action based on the breach of a cooperation clause in an insurance contract."); *Philadelphia Indem. Ins. Co. v. Stebbins Five Cos., Ltd*., 3:02-CV-1279-M, 2002 WL 31875596 (N.D. Tex. Dec. 20, 2002) ("[T]he Court concludes that such a breach does not create an affirmative cause of action and that Plaintiff's contract theory does not state a claim upon which relief can be granted.").[5]

Recently, Travelers and Centex litigated this ***same*** issue in Orange County Superior Court, where Centex won.  In *Travelers Property Casualty Company of America, et al., v. Centex Homes*, Orange County Superior Court Case No. 30-2013-00684021, Centex demurred to an ***identical*** cause of action premised on a breach of the cooperation clause—citing the same key Ninth Circuit authority that is the basis of this motion.  The Court sustained Centex's demurrer on the ground that Travelers failed to state a claim.  In reaching this conclusion, the Court explained the following to Travelers:

[5] *See also Koken v. Auburn Mfg., Inc*., CIV. 02-83-B-C, 2004 WL 51100 at *4 (D. Me. Jan. 8, 2004) ("If Reliance intended to create a basis for a breach of contract cause of action against its insureds for prejudicing rights it might acquire as subrogee, it should have included clear policy language to that effect.").  Other district courts, including some California district courts, have declined to follow the Ninth Circuit's lead.  *See e.g., Travelers Indem. Co. of Connecticut v. Centex Homes*, 1:14-CV-451-LJO-GSA, 2014 WL 2801050 (E.D. Cal. June 19, 2014) (declining to follow *Archbishop of Los Angeles* because, among other things, it was "unpublished"); *Travelers Indem. Co. of Connecticut v. Centex Homes*, 1:14-CV-217-LJO-GSA, 2014 WL 2002320 (E.D. Cal. May 15, 2014) (not addressing *Archbishop of Los Angeles*); *Sierra Pac. Indus. v. Am. States Ins. Co*., 883 F. Supp. 2d 967, 976 (E.D. Cal. 2012) (same); *see also Centex Homes v. Lexington Ins. Co*., No. 3:13–CV–719, 2014 WL 1225501, at *17 (N.D.Tex. Mar. 25, 2014) (same).

PAYNE & FEARS LLP

ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1    Prejudice is not damages.  [Travelers] need[s] damages…That's one of

2    the elements for the cause of action.  If you have real bona fide

3    damages [for a breach of contract claim], then you need to show them.

4    ***And they have to be outside the purview of what…is the cooperation***

5    ***clause***….There has to be something else you are alleging here that

6    forms your breach of contract claim….

7    (RJN, Ex. B at 23:5-6; 24:19-24; emphasis added.)  In other words, Travelers cannot

8    sue for "breach" of the cooperation clause because, although the alleged non-

9    cooperation might result in Centex losing policy benefits, it cannot result in any

10   monetary damages to Travelers.

11          The policy that animates this rule makes sense.  By characterizing the

12   cooperation clause as a covenant, the breach of which would support a claim for

13   damages, Plaintiffs invite the Court to create a rule that would spur combative

14   litigation between insureds and insurers.  This sort of litigation contravenes the

15   public policy recognizing the "special relationship" between insurers and their

16   insureds.  Moreover, an insurance policy is designed to protect the policyholder, so

17   at most, the policyholder's failure to comply with its terms would result in loss of

18   coverage.  An insurer should have no expectation to recover any benefit from the

19   policy other than the payment of premiums.  If Centex was suing Plaintiffs for

20   breach of contract, Plaintiffs might have pleaded a *defense* based on the cooperation

21   clause, but Plaintiffs cannot plead any affirmative claim for damages.

22          Here, Plaintiffs attempt to plead an alleged "breach" of the cooperation clause

23   as a stand-alone cause of action for breach of contract, which is not permitted under

24   California law.  Specifically, Plaintiffs allege that Centex "breached the referenced

25   insurance policies by breaching its duty to cooperate…by refusing to acknowledge

26   that [Plaintiffs] [have] the right to control the defense and select counsel" and "by

27   insisting that [Plaintiffs] continue to pay the fees and costs" of Centex's independent

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

counsel.  (Complaint, ¶¶ 35, 39.)  And, as a result of these alleged actions, Plaintiffs claim to have "been damaged in a sum according to proof at trial."  (Complaint, ¶ 40.)  As explained above, the cooperation clause is a condition to coverage under Plaintiffs' policies; a "breach" of the clause does not give Plaintiffs a cause of action for breach of contract against Centex.

### 2.    Plaintiffs Did Not Allege Any "Breach" of the Cooperation Clause.

In any case, even if an insurer could sue for breach of contract based on the cooperation clause in an insurance policy, Plaintiffs *still* fail to state a claim based on the cooperation clause.  Travelers invites the Court to create a rule that a policyholder's mere assertion of the statutory right to independent counsel, standing alone, constitutes a "breach" of the cooperation clause.  No California case adopts such a radical proposition, and this Court should not create such a rule.  To breach the cooperation clause, Centex would need to continue to insist on the right to select counsel after a Court holds that there is no such right given the facts of a particular case.

California has a strong public policy, embodied in California Civil Code section 2860, of protecting policyholders against conflicts of interest by insurer panel counsel.  When an insurer's appointed defense counsel has a qualifying conflict of interest, the law "creates a duty on the part of the insurer to provide independent counsel to the insured…"  Cal. Civ. Code § 2860(a).  When a conflict of interest occurs, "the insured may thereafter control the [defense of the] case." *Long v. Century Indem. Co*., 163 Cal. App. 4th 1460, 1469 (2008).

A corollary to this rule is that a policyholder who has the right independent counsel does not breach the cooperation clause by exercising that right.  *See O'Morrow v. Borad*, 27 Cal. 2d 794, 800 (1946) (no lack of cooperation where insurer had conflicts of interest with policyholder and policyholder refused to

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

surrender its defense); *NL Indus., Inc. v. Commercial Union Ins. Co.*, 926 F. Supp. 446, 456 (D.N.J. 1996) (no lack of cooperation where insured entitled to independent counsel due to conflicts of interest); *Kaufman & Broad Monterey Bay v. Travelers Prop. Cas. Co. of Am.*, 5:10–CV–2856 EJD, 2012 WL 2945932 (N.D. Cal. July 18, 2012) (no lack of cooperation where insurer forfeited the right to defend by breaching its contract).  Thus, it follows that until the independent counsel issue is resolved, an insurer cannot allege any lack of cooperation by a policyholder because the assertion of a statutory right could not possibly contravene its contractual duty to cooperate.

The policy behind this rule makes sense.  Under California law, the right to independent counsel requires a context-specific examination of the facts of the case and the reservation of rights.  Because insurers almost never concede the existence of the right to independent counsel, this issue often requires Court intervention.  If the Court creates the rule Travelers wants, the policyholder is faced with a Hobson's choice between abandoning its belief in the right to independent counsel to preserve policy benefits or asserting the right to independent counsel—either informally or through litigation—but risking all policy benefits if the Court ultimately rejects the independent counsel claim.  This rule would contravene California public policy and give insurers a way to bully their policyholders into relinquishing legitimate concerns about independent counsel by suing for breach of contract.  A policyholder's good faith assertion of the statutory right to independent counsel, even if incorrect, should not constitute lack of cooperation that would result in the loss of *all* policy benefits.  A policyholder could only "breach" the cooperation clause by continuing to insist on the statutory right to independent counsel *after* the Court holds that no such right exists.

In this case, Plaintiffs do not allege any act of "noncooperation," other than the fact that Centex is asserting a right to independent counsel.  Specifically,

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-14-

PAYNE & FEARS LLP

ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Plaintiffs allege that Centex "has refused and is continuing to refuse to accept counsel appointed by TRAVELERS and is demanding independent counsel to defend it in the [*Maggie*] Action."  (Complaint, ¶ 22.)  Plaintiffs also claim that Centex "is in material breach of the subject insurance policies" because it believes in the right to independent counsel and refused to turn over its defense to Plaintiffs. (Complaint, ¶ 22.)  Simply requesting independent counsel is in no way a breach of the cooperation clause.

In sum, if the Court were to decide that Plaintiffs' appointed counsel does not have conflicts of interest that trigger the right to independent counsel, then Centex would have to choose between losing coverage or allowing Plaintiffs to control the defense of the *Maggie* action.  Until this point in time, Centex should not be held in breach of the cooperation clause just because it disagrees with Travelers about independent counsel.

### 3.   Plaintiffs Have Not Alleged Any Prejudice From Centex's Claim to Independent Counsel.

Even if an insurer could sue for "breach" of the cooperation clause in an insurance policy, and even if Plaintiffs' alleged conduct qualified as a "breach," Plaintiffs still cannot allege facts that show prejudice.  And prejudice is a key part of a cooperation clause defense.

To succeed on a defense that a policyholder "breached" the cooperation clause, the insurer must show that *but for* the insured's failure to cooperate, "there was a substantial likelihood the trier of fact would have found in the insured's favor."  *Billington*, 71 Cal. 2d at 737; *see also Shell Oil Co. v. Winterthur Swiss Ins. Co.*, 12 Cal. App. 4th 715, 763 (1993) ("To establish actual prejudice, the insurer must show a substantial likelihood that…it would have settled the claim for less or taken steps that would have reduced or eliminated the insured's liability.").

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

"Logically, the required showing of prejudice cannot be made while the main tort action is still pending [and] its outcome uncertain." *United Servs. Auto. Ass'n v. Martin*, 120 Cal. App. 3d 963, 966 (1981); *see also Cincinnati Ins. Co. v. Irvin*, 19 F. Supp. 2d 906, 916 (S.D. Ind. 1998) ("[T]he question of prejudice appears impossible to decide before a trial is held in the underlying tort action.").

A similar case illustrates this point. In *Royal Indem. Co. v. Hartford Ins. Co. of Midwest*, B196406, 2008 WL 2009747 (Cal. Ct. App. May 12, 2008)[6], an insurer argued that its policyholder's failure to cooperate—by insisting on its right to independent counsel—relieved it of any obligation to pay defense costs. The California Court of Appeal disagreed, holding that because the policyholder mounted a successful defense, the insurer was not prejudiced:

> Hartford cannot prove that it was "substantially prejudiced" by the insured's lack of cooperation because the insured scored a complete victory and was not required to pay any money on the counterclaims. Sedgwick's participation would not have added anything to the victorious outcome secured by Sheppard Mullin: no opportunity to get a better result was missed when the insured refused to use Hartford's law firm.

*Id*. at *6. In other words, unless the insurer can show that it could have achieved a better result, there can be no prejudice.

Here, of course, Plaintiffs do not allege any sort of prejudice, concrete or otherwise, that flowed from Centex's decision to invoke the right to independent counsel. Plaintiffs' pleading alleges only that Centex "refus[ed] to acknowledge" that Plaintiffs have "the right to control the defense and select counsel," which has "imped[ed] TRAVELERS' ability to provide CENTEX with a defense..."

---

[6] Federal courts may consider unpublished California cases as persuasive authority. *Cole v. Doe 1 thru 2 Officers of City of Emeryville Police Dep't*, 387 F. Supp. 2d 1084, 1103 n. 7. (N.D. Cal. 2005)

(Complaint, ¶¶ 35, 39.)  Plaintiffs never allege prejudice or that they could have achieved a better result if Centex had not disagreed with Plaintiffs.  In fact, the word "prejudice" does not even appear in Plaintiffs' pleading—which represents a clear admission that they cannot satisfy the prejudice standard established by the California Supreme Court.

In a nutshell, Plaintiffs fail to allege any breach of contract at all—let alone any prejudice that resulted from a breach of contract.  Without any allegations to support these key elements of a breach of contract claim, Plaintiffs' cause of action fails, as well as its related requests for declaratory relief.

## C.   <u>Plaintiffs Fail to State a Claim for Reimbursement.</u>

Plaintiffs also fail to state a claim for equitable reimbursement.  Plaintiffs have not alleged that they defended the *Maggie* action "in its entirety" or that they have paid any defense costs at all.

In the seminal case, *Buss v. Superior Court*, 16 Cal. 4th 35, 47-48 (1997), the California Supreme Court explained that to state a claim for reimbursement, the insurer must plead the following facts: First, that it honored its duty to immediately defend a third-party "action in its entirety."  *Id*. at 48-49.  Second, that it paid money to defend "claims that are not even potentially covered" under its policy.  *Id*. at 50. Third, it must reserve its right to seek reimbursement.  *Id*. at 61 n. 27; *see also Travelers Prop. Cas. Co. of Am. v. Centex Homes*, C 12-0371 PJH, 2012 WL 2238005 at * 2 (N.D. Cal. June 15, 2012) ("Travelers has not alleged facts showing that it honored its duty to immediately defend any specific third-party action 'in its entirety;' that it paid money to defend claims that were not even potentially covered under its policy; or that it reserved its right to seek reimbursement as to the defense of any specific underlying action.").

The policy that animates this rule makes sense.  As the *Buss* court noted, it

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

"would be time consuming" and "[i]t might also be futile" for an insurer to attempt to "parse the claims" in a lawsuit by "dividing those that are at least potentially covered from those that are not" before its conclusion. *Buss*, 16 Cal. 4th at 49.  Due to the "plasticity of modern pleading," *id.* (quoting *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 276 (1966)), it is possible for a plaintiff to transform claims "that are at least potentially covered into claims that are not, and vice versa." *Id.*  If Plaintiffs obtained reimbursement on the theory that a specific claim was not even potentially covered, that conclusion would necessarily be subject to reevaluation if new facts or theories subsequently came to light during the underlying litigation.  As such, courts make insurers wait until after the resolution of the lawsuit to seek reimbursement.

In addition, allowing an insurer to sue for reimbursement before the resolution of the underlying lawsuit frustrates California's public policy of protecting policyholders.  Because "[a]n insured obtains liability insurance in substantial part in order to be protected against the trauma and financial hardship of litigation," *Haskel, Inc. v. Super. Ct.*, 33 Cal. App. 4th 963, 979 n. 14 (1995), allowing the insurer to sue before the resolution of the underlying lawsuit places the insured in an untenable position.  The insured must defend against the underlying lawsuit while simultaneously battling the insurer about the extent of its defense obligation.  When this occurs, "the premiums paid by the insured [] purchase nothing more than a lawsuit." *Id.*  For this reason, California law requires insurers to pay all of the insured's defense costs and wait until after the resolution of the underlying claim before seeking reimbursement. *See also Hous. Grp. v. PMA Capital Ins. Co.*, 193 Cal. App. 4th 1150, 1156 (2011); *Pac. Indem. Co.*, 63 Cal. App. 4th at 1555-56.

Here, Plaintiffs have not, and cannot, plead the facts necessary to state a claim for equitable reimbursement:

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

### 1. **Plaintiffs Did Not Allege that They Agreed to Defend Centex "Immediately."**

Plaintiffs fail to allege that they immediately defended the *Maggie* action.  As another federal court recently reminded Plaintiffs, to state a claim for reimbursement, an insurer must defend its policyholder "immediately" after tender.  *Travelers*, 2012 WL 2238005 at * 2 ("Travelers has not alleged facts showing that it honored its duty to immediately defend any specific third-party action…").  Here, Travelers' pleading fails to establish that it immediately rushed to Centex's aid.

### 2. **Plaintiffs Did Not Allege That They Defended the *Maggie* Action "In Its Entirety."**

Plaintiffs fail to allege that they defended the *Maggie* action "in its entirety." *Buss*, 16 Cal. 4th at 48.  Plaintiffs must fully shoulder their defense burden *before* seeking reimbursement.  *Travelers*, 2012 WL 2238005 at * 2 (Travelers failed to "allege[] facts showing that it honored its duty to…defend any specific third-party action 'in its entirety.'").

The right of reimbursement "[is] premised on a 'defend now seek reimbursement later' theory." *State v. Pac. Indem. Co.*, 63 Cal. App. 4th 1535, 1549 (1998)).  As a consequence, Plaintiffs are barred from seeking reimbursement until "*after providing an entire defense*." *Id*. (emphasis in original).  A recent lawsuit, involving the same parties and an identical cause of action illustrates this rule.  In *Travelers Indemnity Co. of Connecticut v. Centex Homes*, 1:14-CV-217-LJO-GSA, 2014 WL 2002320 (E.D. Cal. May 15, 2014), Travelers sued for reimbursement of defense fees and costs it alleged it had paid in the *Chang* action.  However, the *Chang* action was still ongoing at the time Travelers sued for reimbursement. *Id*. Centex moved to dismiss the reimbursement cause of action, and the Court granted the motion, holding that "[b]ecause the *Chang* action [was] ongoing," Travelers had

PAYNE & FEARS LLP

ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1  "not defended Defendant for the entirety of that action."  *Id.*

2      Here, Plaintiffs allege only that they "ha[ve] paid or will pay certain defense

3  fees and costs incurred by Defendant CENTEX in defense of the [*Maggie*] Action."

4  (Complaint, ¶ 42.)  But Plaintiffs cannot seek reimbursement until after they have

5  paid all the reasonable and necessary defense costs incurred by Centex through the

6  conclusion of the *Maggie* lawsuit.  Because the *Maggie* action is ongoing, Travelers

7  cannot state a claim.  (RJN Ex. D.)

8

9      **3.**     **Plaintiffs Did Not Allege That They Paid to Defend Claims That**

10                 **Are Not Even Potentially Covered.**

11     Plaintiffs do not allege that they have paid to defend claims that are not even

12 potentially covered under their policies.  Instead, they alleged that they *may* pay

13 claims that are not potentially covered under their policies at some *future point in*

14 *time*.  (Complaint, ¶ 42) (alleging only that Plaintiffs "ha[ve] paid or will pay certain

15 defense fees and costs incurred by Defendant CENTEX in defense in the Underlying

16 Action," and that they should be reimbursed to the extent that "they may make"

17 payments of defense fees and costs that "are not potentially covered" under the

18 policies).  At most, Plaintiffs speculate that they may have a reimbursement claim in

19 the future, but that is not sufficient to state a claim.

20

21 **D.**     **The Court Lacks Subject Matter Jurisdiction Because The Bona Fide**

22       **Amount in Controversy Does Not Exceed $75,000.**

23     Plaintiffs' Complaint presents facial and substantive subject matter

24 jurisdiction questions that merit the Court's consideration.

25

26     **1.**     **Plaintiffs' Allegations Are Facially Inadequate.**

27     First, Plaintiffs' allegations are facially inadequate because they do not

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1  establish at least $75,000 in controversy between each plaintiff and each defendant

2  separately.  28 U.S.C. § 1332(a).  Plaintiffs cannot aggregate their claims to surpass

3  the $75,000 threshold.

4  It is a "well settled" rule of federal jurisdiction "that distinct decrees against

5  distinct parties on distinct causes of action, or on a single cause of action in which

6  there are distinct liabilities, cannot be joined" to create subject matter jurisdiction.

7  *Ex parte Phoenix Ins. Co.*, 117 U.S. 367, 369 (1886); *Hague v. Comm. for Indus.*

8  *Org.*, 307 U.S. 496, 508 (1939) ("[T]he plaintiffs may not aggregate their interests

9  in order to attain the amount necessary to give jurisdiction.").  In the context of

10  insurance policies, courts do not aggregate claims involving distinct insurance

11  policies and distinct insurers, even when they cover the same loss.  *Niagara Fire*

12  *Ins. Co. v. Dyess Furniture Co*., 292 F.2d 232, 233 (5th Cir. 1961); *Century Ins. Co.*

13  *v. Mooney*, 241 F.2d 910, 912 (10th Cir. 1957).

14  In this case, Plaintiffs allege in their Complaint that "[t]he amount in

15  controversy exceeds $75,000 and represents fees and costs sought by CENTEX

16  from Plaintiffs."  (Complaint, ¶ 7.)  Plaintiffs' prayer also seeks "general damages in

17  an amount to be proven at trial, but in no event less than $200,000."  (Complaint,

18  Prayer, ¶ 3.)  However, the Complaint defines "CENTEX" to include both Centex

19  Homes and Centex Real Estate.  (Complaint, ¶ 6.)  And Plaintiffs fail to explain how

20  their damages would be split between the three distinct plaintiffs and the two

21  distinct defendants.  All three Plaintiffs must plead facts that show the existence of

22  an amount in controversy that exceeds $75,000 against Centex Homes and Centex

23  Real Estate *individually* in order to trigger subject matter jurisdiction.  *Walter v. Ne.*

24  *R. Co*., 147 U.S. 370, 373 (1893).  Plaintiffs' allegations here fail to meet this

25  standard.  Instead, they allege only that the value of their *collective* dispute with

26  both Centex Homes and Centex Real Estate exceeds $75,000.  (Complaint, ¶¶ 6-7.)

27  At best, Plaintiffs' prayer suggests that diversity jurisdiction *might* exist

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-21-

between some of the parties, although it is impossible to tell which parties based on the Complaint.  Thus, Plaintiffs' allegations are insufficient on their face.

### 2. <u>Plaintiffs Cannot Speculate About Future Defense Fees and Costs in Order To Reach $75,000.</u>

Plaintiffs cannot establish subject matter jurisdiction because at the time of the filing of this lawsuit, Plaintiffs had not paid anything in defense fees and costs and the total defense fees and costs incurred by Centex Homes and Centex Real Estate were only $1,598.08, not enough to establish a sufficient amount in controversy between *all* plaintiffs and *all* defendants.  Moreover, the defense costs in this case are unlikely to exceed $75,000.  (Protzman, Decl., ¶ 8.)

Diversity must exist *at the time the lawsuit is filed.  See Grupo Dataflux v. Atlas Global Grp., LP*, 541 U.S. 567, 570-71 (2004);  *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 711 (9th Cir. 1992); *see also Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (looking to the original complaint, and not amended complaint, to determine subject matter jurisdiction).  As a consequence, the plaintiff's alleged amount in controversy must *also* be measured by the facts that exist at the time the lawsuit is filed.  *See Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004) ("If...the case as a whole does not entail at the get-go a controversy exceeding $75,000, then the court must not resolve any aspect of it on the merits."); *McKinney v. Law Office of James Duncan*, CV 09-2605 NJV, 2010 WL 668027 at *7 (N.D. Cal. Feb. 19, 2010) ("The amount in controversy is determined from the complaint as filed when the action is commenced.").

At the time of filing, Centex Homes and Centex Real Estate's total defense fees and costs defending the *Maggie* action amounted to only $1,598.08, well short of the amount needed to establish jurisdiction between all plaintiffs and all

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1   defendants.  (Protzman Decl., ¶ 6.)  In addition, despite alleging that they agreed to

2   defend, none of the Plaintiffs have paid anything towards the defense fees and costs

3   incurred defending the *Maggie* action.  (*Id*. at ¶ 7.)  Finally, the defense costs for the

4   *Maggie* action are not likely to exceed $75,000.  (*Id*. at ¶ 8.)  Taken together, these

5   facts do not create subject matter jurisdiction.

6          Plaintiffs speculate that Defendants' defense costs will eventually exceed the

7   jurisdictional threshold, and they theorize that their speculation alone should grant

8   them access to federal court.  But speculation does not substitute for damages.  In

9   insurance matters, "the jurisdictional amount in controversy is measured by the

10  value of the underlying claim—not the face amount of the policy."  *Hartford Ins.*

11  *Grp. v. Lou–Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002); *see also Budget Rent–A–*

12  *Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) ("[T]he amount in

13  controversy is the value of the [claim based on the] underlying potential tort

14  action.").  Instead, in considering the value of the insurance claim, "courts have

15  generally held that potential future benefits cannot be considered in calculating the

16  amount in controversy."  *Albino v. Standard Ins. Co*., 349 F. Supp. 2d 1334, 1339

17  (C.D. Cal. 2004).

18         A case from the Supreme Court and another from the Ninth Circuit illustrate

19  this rule.  In *New York Life Insurance Co. v. Viglas*, 297 U.S. 672, 674 (1936), the

20  policyholder made a claim under a disability policy.  The insurer began paying the

21  claim, but then stopped.  *Id*. at 675.  The policyholder brought suit seeking the

22  *expected* value of the disability payment until his death.  *Id*.  The insurer countered

23  that the value of the unpaid benefits at the time the policyholder filed suit, which

24  amounted to $98, were not adequate to trigger diversity jurisdiction.  *Id*.  The United

25  States Supreme Court agreed, holding that there was no repudiation of the policy

26  that would "make conditional and future benefits the measure of recovery."  *Id*. at

27  676.

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-23-

The Ninth Circuit reached the same conclusion in *Commercial Casualty Insurance Co. v. Fowles*, 154 F.2d 884 (9th Cir. 1946).  In *Fowles*, a policyholder brought suit to enforce a disability policy.  At the time of filing, the policyholder alleged that the insurer owed a total of just over $2,000.  At the same time, he alleged that "sums which were not due or owing at the time the action was commenced"—which he referred to as "future benefits"—would "greatly exceed the sum of $3,000," which was the jurisdictional threshold at the time.  *Id.* at 886. Notably, the policyholder asked for declaratory relief about the insurer's obligation to pay these "future benefits."  The Ninth Circuit held there was no jurisdiction because it was required to "disregard matters which were not in controversy at [the time of filing]" including the "'future benefits' mentioned in the complaint." *Id*.

Each of Plaintiffs' causes of action focuses on Centex's defense costs for the *Maggie* action.  When Plaintiffs' lawsuit was filed, Centex had incurred only modest defense costs.  (Protzman Decl., ¶ 6.)  Plaintiff' obligation to pay any future defense fees is contingent whether they are actually incurred and whether they are paid by other insurers.  Because it is impossible to determine to what extent Plaintiffs will incur a future obligation to pay defense costs, the Court should be wary of using speculation to establish subject matter jurisdiction, especially because Centex has presented evidence that the defense fees and costs in this case are not likely to exceed $75,000.  (Protzman, Decl., ¶ 8.)

In sum, the amount in controversy must be measured by the facts that existed at the time of filing, and there were not enough defense fees and costs in dispute at the time Plaintiffs filed this case to invoke the Court's jurisdiction.

## V. <u>CONCLUSION</u>

This case does not belong in federal court.  Plaintiffs' claims are facially invalid and the amount in controversy insufficient to trigger the Court's subject

MOTION TO DISMISS COMPLAINT

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

matter jurisdiction.  For these reasons, Centex respectfully requests that this Court dismiss this case.

DATED: July 9, 2014

PAYNE & FEARS  LLP

By: _____/s/ *Jeffrey M. Hayes*_____
JEFFREY M. HAYES

Attorneys for DEFENDANTS CENTEX HOMES and CENTEX REAL ESTATE CORPORATION

4821-4390-3772.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100