J. Kelby Van Patten, Bar No. 167553
kvp@paynefears.com
Jeffrey M. Hayes, Bar No. 246511
jmh@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
Jamboree Center, 4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for CENTEX HOMES
and CENTEX REAL ESTATE CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Connecticut corporation; ST. PAUL MERCURY INSURANCE COMPANY, a Connecticut corporation; and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CENTEX HOMES, a Nevada general partnership; CENTEX REAL ESTATE CORPORATION, a Nevada corporation; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 5:14-cv-01216-AB(JCx)<br><br>Judge: Hon. Jacqueline Chooljian<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL MATERIALS**<br><br>[CHANGES MADE BY COURT TO PARAGRAPHS 3, 5, 7(d), 9 AND 10]<br><br>Trial Date:  October 13, 2015 |

The Parties' Stipulated Protective Order is before the Court. Having read the Order and good cause appearing therefore, the Court hereby enters the following Protective Order:

1. The Parties acknowledge that discovery may require disclosure of information that is private, personal, or confidential, or that constitutes proprietary and/or sensitive business, personnel, and/or commercial information, trade secrets, and/or confidential third-party information. As a result, the Parties agree that they will be required to enter into a Protective Order on the following terms to ensure the continuing confidentiality of such information.

2. This Protective Order shall limit the use or disclosure of documents, deposition testimony, and related information which are or which embody or disclose any information designated as "Confidential." This shall include the following information, documents, and tangible things produced or otherwise exchanged (the "Confidential Information"):

(a) Invoices;

(b) Attorney billing records; and

(c) Expert billing records.

The following information, documents, and tangible things produced or otherwise exchanged shall not be deemed to be Confidential Information:

(a) AI Claim files;

    (b)    AI claims notes; and

    (c)    AI adjuster guidelines, including but not limited to construction defect file review guidelines.

3.    Any person or entity designating documents, deposition testimony, or other information as "Confidential" ("Designating Party") hereunder asserts that he, she or it believes in good faith that such material is Confidential Information which is not otherwise available to the public generally.

4.    Designation of a document as "Confidential" shall be made by stamping or writing "CONFIDENTIAL" on the document(s).

5.    Designation of a deposition, deposition testimony, or portions thereof, as "Confidential" shall be made by a statement on the record by counsel for the party or other person making the claim of confidentiality at the time of such testimony.  The portions of depositions so designated as "Confidential" shall be taken only in the presence of persons qualified to receive such information pursuant to the terms of this Protective Order.  Failure of any other person to comply with a request to leave the deposition room will constitute sufficient justification for the witness to refuse to answer any question calling for disclosure of Confidential Information so long as persons not entitled by this Protective Order to have access to such information are in attendance.  The parties shall instruct the court reporter to segregate such portions of the deposition in a separate transcript designated as "Confidential."  Portions of such deposition transcripts shall be clearly marked as "Confidential" on the cover or on each page, as appropriate.

6. No Confidential Information shall be disclosed by anyone receiving such information ("Receiving Party") to anyone other than those persons designated herein, and in no event shall Confidential Information be used, either directly or indirectly, by anyone receiving such information for any business, commercial or competitive purpose or for any purpose whatsoever other than the direct furtherance of the litigation of this action in accordance with the provisions of this Protective Order.

7. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party or non-party shall not disclose any information or item designated as "Confidential" to any other person except to:

(a) Attorneys for the parties and their respective associates, clerks and employees directly involved in the conduct of this litigation;

(b) The Parties hereto, including the employees of a Party;

(c) The Court and its personnel;

(d) Court reporters and their staff;

(e) Expert witnesses of the Receiving Party to whom disclosure of the Confidential Information is reasonably necessary for this litigation;

(f) The author of the document containing the Confidential Information or the original source of the information; and

1  (g) Any other person with the prior written consent of the Designating
2  Party or pursuant to an order of the Court.

3

4  8. Confidential Information may be disclosed to persons listed in
5  paragraphs 7(e), 7(f) and 7(g) of this Order only after such person has been shown a
6  copy of this Order, and has been advised of the terms and operation of this Order,
7  and agrees to be bound by the terms of this Order; provided, however, a party who
8  has produced Confidential Information may disclose its own documents to any
9  persons, with or without any conditions to such disclosure, as it deems appropriate.
10 All persons who obtain Confidential Information pursuant to paragraph 7 of this
11 Order shall be prohibited from disclosing any Confidential Information to anyone
12 except as permitted by further order of this Court or written agreement of all
13 counsel.  Except as provided above, the persons described in paragraphs 7(e), 7(f)
14 and 7(g) of this Order shall have access to Confidential Information only after
15 having been made aware of the provisions of this Order and having acknowledged
16 their assent to be bound by executing and delivering a copy of the "Confidentiality
17 Agreement" (attached as Exhibit "A" to this Order) to the party producing the
18 Confidential Information, or so stating under oath and on the record.

19

20 9. The Parties agree to meet-and-confer prior to filing "Confidential"
21 materials with the Court, with the goal of determining whether the Parties' interests
22 can be preserved through the use of mutually-agreeable redaction rather than filing
23 under seal.  Without written permission from the Designating Party or an order of
24 the Court secured after appropriate notice to all interested persons, the Parties may
25 not file in the public record in this action any "Confidential" material.  Parties that
26 seek to file under seal any "Confidential" material must comply with Local Rule
27 79-5 and with any pertinent orders of the assigned District Judge and Magistrate
28 Judge, including any procedures adopted under the Pilot Project for the Electronic

Submission and Filing of Under Seal Documents. However, if a Receiving Party's request to file "Confidential" material under seal is denied by the Court, the Receiving Party may file the information in the public record with all necessary redactions, unless otherwise ordered by the Court.

10. Parties that wish to challenge the designation of a document or other information as "Confidential" may, for good cause, bring a motion before the Court requesting that the Court deny the designation of any document or information as "Confidential" pursuant to Local Rules 37-1 through 37-4. In accordance with such Local Rules, the interested parties or other persons shall attempt to resolve such disagreements before submitting them to the Court. Pending resolution of any dispute concerning such designation, the Parties and persons governed by this Protective Order shall treat all documents and information previously designated as "Confidential" as protected from further disclosure by this Protective Order.

11. The provisions of this Protective Order shall continue in effect until otherwise ordered by the Court, after notice and an opportunity to be heard is afforded to the Parties to this action. The final determination or settlement of this action shall not relieve any person who has received Confidential Information or has agreed to be bound by the terms of this Protective Order of his, her, or its obligations hereunder. Upon completion of the litigation, all documents (including copies of documents) containing Confidential Information shall retain their "Confidential" designation and be destroyed after the requisite period under the law.

12. This Protective Order shall not apply to information designated or marked "Confidential" hereunder which is used at any evidentiary hearing or trial in this action. The Parties hereby reserve their rights to use, or seek to limit the disclosure of, Confidential Information at any such hearing or trial.

13. Nothing in this Protective Order shall limit the use by the Parties of his, her or its own proprietary documents or information for purposes other than this litigation even if such documents or information have been designated as "Confidential."

14. This Protective Order shall not preclude or limit the Parties' rights to oppose or object to discovery on any grounds which would be otherwise available. This Protective Order shall not preclude or limit the Parties' rights to seek in camera review or to seek further and additional protection against or limitation upon production or dissemination of information produced in response to discovery, including documents and their contents.

15. Any person to or by whom disclosure or inspection is made in violation of this Protective Order, and who has knowledge of this Protective Order, shall be bound by the terms hereof.

16. The Parties, and all other persons who receive Confidential Information pursuant hereto, agree that the Parties injured by a violation of this Protective Order do not have an adequate remedy at law and that an injunction against such violation is an appropriate remedy. In the event any person shall violate or threaten to violate any terms of this Protective Order, the Parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person. In the event the aggrieved party shall do so, the respondent person subject to the provisions of this Protective Order shall not employ as a defense thereto the claim that the aggrieved party has an adequate remedy at law. Any persons subject to the terms of this Protective Order agree that the Court shall retain jurisdiction over it and them for the purposes of enforcing this Protective Order, including, but not limited to, issuing an injunction. In addition to injunctive relief, as specified herein, the Court

may impose monetary and/or issue sanctions, as well as other relief deemed appropriate under the circumstances for a violation of this Protective Order.

17. Neither entering into this Stipulated Protective Order, nor receiving any documents or other information designated as "Confidential" shall be construed as an agreement or admission (1) that any document or information designated as "Confidential" is in fact Confidential Information; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "Confidential;" or (3) as to the authenticity, competency, relevancy or materiality of any information or document designated as "Confidential."

18. In the event the Court does not issue this Protective Order, the parties hereby agree that the terms of the stipulation are binding on the Parties, except for those sections which require Court approval.

Dated: April 29, 2015          /s/
                               Hon. Jacqueline Chooljian
                               United States Magistrate Judge

**Exhibit A to Stipulated Protective Order Re Confidential Materials**

I, _____, hereby acknowledge that I am about to receive confidential information supplied in connection with the litigation entitled *St. Paul Fire and Marine Insurance Company, et al. v. Centex Homes, et al*., United States District Court for the Central District of California, Case No. 5:14-cv-01216-AB(JCx).

I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Stipulated Protective Order Re Confidential Materials (the "Order") in this action. I have been given a copy of the Order, have read the Order, and agree to be bound by its terms. I understand that Confidential Information as defined in the Order, or any notes, summaries, abstracts, copies or other records that may be derived therefrom or made regarding any such materials, shall not be disclosed to any persons except as permitted by the Order. I further agree that the United States District Court for the Central District of California has jurisdiction to enforce the terms of the Stipulation and Protective Order, and I consent to jurisdiction of the United States District Court for the Central District of California over my person for that purpose.

DATED:

By: _____

4832-6468-5090.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100